UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD NOBLE,<br><br>                    Petitioner,<br><br>         v.<br><br>TRATE,<br><br>                    Respondent. | Case No. 1:22-cv-01537-CDB (HC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>ORDER GRANTING MOTION REQUESTING COPIES OF EX PARTE/RESPONDENT'S RESPONSE TO PETITIONER'S MOTION<br><br>(Docs. 19-20) |

Petitioner Chad Noble ("Petitioner") is a federal prisoner proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to § 2241. (Doc. 1). On May 24, 2023, Respondent filed a motion to dismiss for lack of jurisdiction. (Doc. 18). Pending before the Court is Petitioner's motions to appoint counsel and requesting copies of ex parte/respondent's response to Petitioner's motion. (Docs. 19-20).

There currently exists no absolute right to appointment of counsel in habeas proceedings. *See e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the proceedings for financially eligible persons if "the interests of justice so require." To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits

1

as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

In the present case, the Court does not find that the interests of justice would be served by the appointment of counsel. Petitioner appears to have a sufficient grasp of his claims and the legal questions involved. *See generally* (Doc. 1). The legal issue presented in Respondent's motion to dismiss (Doc. 18), that this Court is without jurisdiction—via the escape hatch, does not appear to be overly complex and Petitioner has not demonstrated a likelihood of success on the merits such that the interests of justice require the appointment of counsel at the present time. Therefore, Petitioner's motion for appointment of counsel (Doc. 19) will be denied.

Petitioner also requests the Court he be provided with a copy of Respondent's "response to the Petitioner's motion that this [C]ourt ordered due by May 24, 2023." (Doc. 20 at 1). Further, Petitioner noted his address had changed and requested all future correspondence be sent to his new address. The Court will grant Petitioner's request and will provide Petitioner a copy of Respondent's motion to dismiss. The docket indicates Petitioner's address has already been updated. *See* (Doc.).

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED

1. Petitioner's motion for appointment of counsel (Doc. 19) is DENIED;
2. Petitioner's motion requesting copies of ex parte/respondent's response to Petitioner's motion is GRANTED;
3. The Clerk of Court is DIRECTED to provide Petitioner a copy of Respondent's motion to dismiss (Doc. 18) along with the attached appendix (Doc. 18-1).

IT IS SO ORDERED.

Dated:   **June 6, 2023**                    _____
                                             UNITED STATES MAGISTRATE JUDGE