UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD NOBLE,<br><br>                Petitioner,<br><br>    v.<br><br>TRATE,<br><br>                Respondent. | Case No. 1:22-cv-01537-CDB (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT RESPONDENT'S MOTION TO DISMISS BE GRANTED AND THE PETITION FOR WRIT OF HABEAS CORPUS BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>(Doc. 18)<br><br>TWENTY-ONE DAY DEADLINE.<br><br>Clerk of Court to randomly assign District Judge |

Petitioner Chad Noble ("Petitioner") is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Petitioner raises an "escape hatch" claim where he asserts that he is actually innocent of his sentencing enhancement under 28 U.S.C. § 2255(e). Specifically, Petitioner asserts that his Indiana Code convictions are not categorically qualified predicates under *Descamps v. United States*, 570 U.S. 254 (2013) and *Mathis v. United States*, 579 U.S. 500 (2016). (Doc. 1 at 11-12).

Pending before the Court is Respondent Trate's ("Respondent") motion to dismiss. (Doc. 18). Petitioner did not file an opposition to the motion the deadline to do so has passed. For the following reasons, the Undersigned will recommend that Respondent's motion to dismiss be granted.

1

**Procedural and Factual Background**

On April 20, 2011, Petitioner was charged by superseding indictment in United States District Court for the Southern District of Indiana with conspiracy to possess with intent to distribute and to distribute 50 grams or more of methamphetamine (actual) and 500 grams or more of a mixture or stance containing a detectable amount of methamphetamine, in violation of Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. *USA v. Linares, et al.*, No. 2:11-cr-00009-JMS-CMM-5 (S.D. Ind.) (Doc. 2). On July 18, 2012, the United States filed an "amended information" pursuant to 21 U.S.C. § 851(A)(1) alleging that Petitioner had been convicted of four qualifying prior felony drug convictions. *Linares*, No. 2:11-cr-00009-JMS-CMM-5 (Doc. 514)

On October 25, 2012, a jury found Petitioner guilty of the above charges. *Linares, et al.*, No. 2:11-cr-00009-JMS-CMM-5 (Doc. 599). On February 5, 2013, Petitioner was sentenced to a term of life imprisonment. *Linares, et al.*, No. 2:11-cr-00009-JMS-CMM-5 (Doc. 652). Petitioner was also ordered to serve 10 years of supervised release upon release from imprisonment, to pay a fine of $1,000, and to pay a special assessment of $100. *Id*.

On February 18, 2013, Petitioner appealed his conviction and sentence to the United States Court of Appeals for the Seventh Circuit. *Linares, et al.*, No. 2:11-cr-00009-JMS-CMM-5 (Doc. 658). On September 18, 2023, the Court of Appeals affirmed Petitioner's conviction and sentence. *United States v. Noble*, 536 Fed. Appx. 654 (7th Cir. 2013). The Supreme Court denied certiorari on December 9, 2013. *Noble v. United States*, 571 U.S. 1103 (2013).

In December 2014, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S. § 2255 to the Southern District of Indiana challenging his conviction. *Linares, et al.*, No. 2:11-cr-00009-JMS-CMM-5 (Doc. 740); *Noble v. USA*, No. 2:14-cv-00376-JMS-DKL, (S.D. Ind.) (Doc. 1). On March 15, 2016, the Southern District of Indiana court dismissed Petitioner's petition with prejudice and found that a certificate of appealability should not be issued. *Noble v. USA*, No. 2:14-cv-00376-JMS-DKL, (S.D. Ind.) (Docs. 28-29).

At some point, Petitioner was placed in the custody of the United States Penitentiary Atwater ("USP Atwater"). (Doc. 1 at 2).[1] On October 17, 2022, Petitioner filed the instant petition. *Id.* On January 27, 2023, the Undersigned conducted a preliminary screen of the petition and ordered Respondent to file a response. (Doc. 12). On May 24, 2023, Respondent filed a motion to dismiss for lack of jurisdiction. (Doc. 18). On June 5, 2023, Petitioner filed a motion to appoint counsel and requested a copy of Respondent's motion to dismiss. (Docs. 19-20). On June 6, 2023, the Undersigned denied Petitioner's motion to appoint counsel and directed the Clerk of Court to send to Petitioner a copy of Respondent's motion to dismiss. (Doc. 21). Petitioner did not timely file a response to Respondent's motion to dismiss and to date has not file an opposition. Subsequently, on June 22, 2023, the Supreme Court issued a decision in *Jones v. Hendrix*, 599 U.S. 465, 143 S. Ct. 1857 (2023), which, as set forth below ….

**Applicable Law and Analysis**

Under Rule 4 of the Rules Governing Section 2254 Cases, if a petition is not dismissed at screening, the judge "must order the respondent to file an answer, motion, or other response" to the petition. R. Governing 2254 Cases 4.[2] The Advisory Committee Notes to Rule 4 state that "the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent." A motion to dismiss a petition for writ of habeas corpus is construed as a request for the court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases. *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990). Pursuant to Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

---

[1] On June 6, 2023, Petitioner notified the Court he had been transferred from USP Atwater to United States Penitentiary Terre Haute. (Doc. 20).

[2] The Rules Governing Section 2254 Cases may be applied to a petition for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. *See* Rule 1 of the Rules Governing Section 2254 Cases. Further, Fed. Rule Civ. P. 81(a)(4) provides that the Federal Rules of Civil Procedure are "applicable to proceedings for habeas corpus … to the extent that the practice in [such] proceedings is not set forth in statues of the United States and has heretofore conformed to the practice of civil actions." Fed R. Civ. P. 81(a)(4).

Generally, a § 2241 petition is reserved for federal prisoners challenging "the manner, location, or conditions of a sentence's execution." *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). Federal prisoners seeking to challenge the legality of their conferment must do so through a § 2255 motion. *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012). In limited circumstances, federal prisoners may challenge the legality of their confinement through a § 2241 petition pursuant to the so-called "savings clause" or "escape hatch" provision of § 2255(e). *Id*. at 1192. This provision permits a federal prisoner to challenge the legality of conferment if he can establish that the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

The Supreme Court's recent decision in *Jones v. Hendrix* forecloses Petitioner's claim. 143 S. Ct. 1857 at 1864. The Court held "that § 2255(e)'s savings clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent [the Antiterrorism and Effective Death Penalty Act of 1996's] restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Id*. The Supreme Court held that § 2255(h) limits second or successive § 2255 motions to those that contain "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id*. at 1867. "The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the savings clause. It means he cannot bring it at all." *Id*. at 1869.[3]

Petitioner contends this Court has jurisdiction under the savings clause of § 2255(e) based on intervening statutory interpretations by the Supreme Court in *Descamps* and *Mathis*. (Doc. 1 at 11-12). Because *Descamps* and *Mathis* are cases of statutory interpretation and did not announce new rules of constitutional law, this Court lacks jurisdiction to consider Petitioner's claim pursuant to

---

[3] "[W]here intervening Supreme Court authority is clearly irreconcilable with [] prior circuit authority," the Ninth Circuit has held that "district courts should consider themselves bound by the intervening higher authority and reject the prior opinion of this court as having been effectively overruled." *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

*Jones*. *See Ezell v. United States*, 778 F.3d 762, 763 (9th Cir. 2015) (address *Descamps*); *Arazola-Galea v. United States*, 876 F.3d 1257, 1259 (9th Cir. 2017) (addressing *Mathis*).

The Undersigned now turns to whether a certificate of appealability ("COA") should issue. *Harrison*, 519 F.3d at 958 ("Where a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 motion, the petitioner cannot appeal from the denial of that petition without a COA."). A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To obtain a COA under 28 U.S.C. § 2253(c), a petitioner "must make a substantial showing of the denial of a constitutional right, a demonstration that…includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

Here, the Undersigned finds that Petitioner has not shown that reasonable jurists would find it debatable that this Court lacks jurisdiction over Petitioner's savings clause claim. Therefore, the Undersigned will recommend the Court decline to issue a COA.

**Conclusion and Recommendations**

For the reasons discussed, this Court lacks jurisdiction over Petitioner's habeas corpus petition. Based on the foregoing, the Court DIRECTS the Clerk of Court to assign a District Judge.

The Court FURTHER RECOMMENDS that:

1. Respondent's Motion to Dismiss for lack of jurisdiction (Doc. 18) be GRANTED;
2. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be DISMISSED and without leave to amend;
3. The Clerk of Court be directed to close the case; and
4. The Court decline to issue a certificate of appealability.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days of being served with these findings and recommendations, the parties may file written objections with the

Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 2, 2023**

_____
UNITED STATES MAGISTRATE JUDGE