# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD NOBLE,<br><br>             Petitioner,<br><br>    v.<br><br>TRATE,<br><br>             Respondent. | Case No. 1:22-cv-01537 JLT CDB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING THE PETITION, DIRECTING THE CLERK OF COURT TO CLOSE THE CASE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>(Docs. 18, 24) |

Chad Noble is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting the Court should vacate his mandatory life sentence pursuant to the savings clause of 28 U.S.C. § 2255(e) and *Allen v. Ives*, 950 F.3d 2242 (2016). (*See* Doc. 1 at 6.) Respondent seeks dismissal for lack of jurisdiction. (Doc. 18.)

The magistrate judge found Petitioner was unable to bring his claims in a petition filed under 28 U.S.C. § 2241, and the Court lacked jurisdiction. (Doc. 24 at 4-5, citing *Jones v. Hendrix*, 599 U.S. 465 (2023).) Therefore, the magistrate judge recommended Respondent's motion be granted and the petition be dismissed. (*Id.* at 5.) The Court served the Findings and Recommendations on all parties and informed Petitioner that any objections were due within 21 days. (*Id.*) The Court advised Petitioner the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.* at 6, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) No party filed objections, and the time do so expired.

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the entire matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.

Having found Petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. *See Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008) ("Where a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 motion, the petitioner cannot appeal from the denial of that petition without a [certificate of appealability]."). A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a petitioner "must make a substantial showing of the denial of a constitutional right, . . . includ[ing] showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

In the present case, the Court finds that reasonable jurists would not find the determination the petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability. Thus, the Court **ORDERS**:

1. The Amended Findings and Recommendations issued on November 2, 2023 (Doc. 24) are **ADOPTED** in full.
2. The prior Findings and Recommendations issued the same date (Doc. 23) shall be terminated.
3. Respondent's motion to dismiss for lack of jurisdiction (Doc. 18) is **GRANTED**.
4. The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED**.
5. The Clerk of Court is directed to close the case.

6. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **January 26, 2024**

_____
UNITED STATES DISTRICT JUDGE